**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION**

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                       Case No: 05-80434

YVONNE ROBINETT

    Defendant.

_____/

**ORDER DENYING DEFENDANT'S
"MOTION TO QUASH FOR LACK OF JURISDICTION"**

Defendant, through counsel, has filed a motion to quash, which the court interprets as a motion to dismiss the indictment. The motion is defective in the manner in which it was presented and in its substance. It will be denied.

First, Defendant has failed to indicate whether or not some or all of the contemplated relief might be agreed to by the government. The court's order extending the date by which motions could be timely filed specifically referred to this rule, saying that "[b]efore any motion is filed, compliance with Local Rule 7.1(a) must be observed." *See* 8/9/05 Order [Dkt. #15].

Eastern District Local Rule 7.1(a) states as follows:

"(1) The movant must ascertain whether the contemplated motion will be opposed. If the movant obtains concurrence, the parties may make the subject matter of the contemplated motion a matter of record by stipulated order.

"(2) If concurrence is not obtained, the motion must state:

    (A) there was a conference between the attorneys or unrepresented parties in which the movant explained the nature of the motion and its legal basis and requested but did not obtain concurrence in the relief sought; or

    (B) despite reasonable efforts specified in the motion, the movant was unable to conduct a conference.

"(3) The court may tax costs for unreasonable withholding of consent."

The Rule plainly requires that the movant make clear that it has conducted the required pre-filing conference in which the nature of the contemplated motion was explained, or in the alternative what efforts were made, without success, to engage in such a conference. No exception is made for criminal cases.  Although government agreement in the dismissal of an indictment is not likely, it is not impossible; in addition, other goals such as better relations among attorneys and the sharpening and clarification of legal issues can be served by offering and explanation and seeking concurrence under the Rule. If the government were to agree, even in part, the motion would be made, at least in part, unnecessary.

Moreover, the substance of the motion is unsupported in law. The motion is captioned as one alleging "lack of jurisdiction," but seeks dismissal of the indictment with only two arguments, neither of which address the court's jurisdiction.

Defendant's first argument advances several purported facts leading to the argument that Defendant is not guilty. This is, in essence, an argument for a judgment of acquittal based on allegedly insufficient government evidence.  Federal Rule Criminal Procedure 29 provides, in pertinent part, that "*[a]fter the government closes its evidence . . . the court on the defendant's motion must enter a judgment of acquittal of any offense for which the evidence is insufficient to sustain a conviction.*" (Emphasis added). Such a motion filed before trial is simply premature.

Defendant argues, second, that she "has already been punished" for the same behavior by being financially sanctioned (although not criminally charged or convicted) in a state court proceeding and that the federal government is therefore "estopped from litigating this issue." Since Defendant cites no federal law in support of the contention, the basis of the argument is not clear. It appears to be based on the Double Jeopardy Clause of the Fifth Amendment. Such an argument ignores the dual citizenship and dual sovereignty under which all citizens of the United States live. The Double Jeopardy

Clause of the Fifth Amendment does not prohibit successive prosecutions by dual sovereignties. Consecutive federal and state prosecutions and convictions of defendants for crimes arising from the same transaction are not illegitimate. *Abbate v. United States,* 359 U.S. 187, 196 (1959) ("The conclusion is therefore compelled that the prior [state] conviction of the petitioners did not bar the instant federal prosecution."); *United States v. Davis,* 906 F.2d 829, 832 (2d Cir.1990) ( "Successive prosecution will be barred [only] where one prosecuting sovereign can be said to be acting as a 'tool' of the other, or where one prosecution is merely 'a sham and a cover' for another.") (citing *Bartkus v. Illinois,* 359 U.S. 121 (1959)). Defendant does not contend or attempt to prove that any such "sham" proceedings occurred in her case, or that an arm of the State of Michigan was acting as a mere "tool" of the United States Department of Justice in the preceding lawsuit for her eviction. In short, she advances what appear to be wholly frivolous arguments.[1]

    IT IS ORDERED that the Defendant's Motion to Quash [Dkt. #16] is DENIED. The previously ordered dates shall remain as set: the final pretrial/change of plea hearing shall be held on **September 6, 2005, at 2:00 p.m.** and trial, if needed, shall commence on **September 19, 2005 at 9:00 a.m..**

                                        S/Robert H. Cleland
                                        ROBERT H. CLELAND
                                        UNITED STATES DISTRICT JUDGE
Dated: August 24, 2005

---

[1] Similarly, Defendant's argument with respect to "issue preclusion" is also frivolous. Defendant mistakenly argues that issue preclusion should apply and bar the instant prosecution. Issue preclusion is a predominately civil concept which prevents the relitigation of an issue under collateral estoppel principles. *People v. Gates*, 452 N.W.2d 627, 630 (Mich. 1990). Contrary to Defendant's argument, it does not prevent a successive prosecution. Instead, it would operate to prevent the parties from relitigating the *issue* of Defendant's guilt, inasmuch as this issue was already litigated and decided by another court. Given the outcome of the state proceedings, Defendant obviously misunderstood the concept of issue preclusion in arguing for its application in this case.

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, August 24, 2005, by electronic and/or ordinary mail.

                                              S/Lisa G. Teets
                                              Case Manager and Deputy Clerk
                                              (313) 234-5522