**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                         Case No. 05-CR-80434-DT

YVONNE ROBINETT,

    Defendant.

                                                  /

**OPINION AND ORDER DENYING DEFENDANT'S "MOTION FOR
SENTENCING REVIEW AND CORRECTION OF ERROR IN SENTENCING"**

Pending before the court is Defendant Yvonne Robinett's October 2, 2006 "Motion for Sentencing Review and Correction of Error in Sentencing." The court required a response from the government, (10/17/06 Order), which was filed on November 2, 2006. Having reviewed the matter, the court concludes a hearing is unnecessary. *See* E.D. Mich. LR 7.1(e)(1). For the reasons stated below, the court will deny Defendant's motion.

**I. DISCUSSION**

Defendant's motion is untimely. Although her *pro se* motion does not specifically cite the rule, her motion is a motion to correct her sentence pursuant to Federal Rule of Criminal Procedure 35(a). Defendant's motion contends that the court "unknowingly erred" in its computation of the sentencing guidelines. (Def.'s Mot. at 1.) Rule 35(a) has a rigid timeliness requirement: "[w]ithin 7 days after sentencing, the court may correct a sentence that resulted from arithmetical, technical, or other clear error. Fed. R. Crim. P. 35(a) (emphasis added). Defendant was sentenced on January 31, 2006 and her motion

followed several months later on October 2, 2006, well after the seven-day time period allowed under Rule 35(a). Nor is the court persuaded by Defendant's contention that she was unaware of the seven-day time period and that the court should invoke the doctrine of equitable tolling. Absent other relevant factors, mere ignorance of a deadline is insufficient for invoking equitable tolling. *See Dunlap v. United States*, 250 F.3d 1001, 1007-10 (6th Cir. 2001) (holding that equitable tolling in a habeas case was inappropriate where the petitioner failed to show due diligence in pursuing his claim). The court thus cannot reach the merits of Defendant's claim of error because the court lacks jurisdiction over her motion. *See e.g.*, *United States v. Martin*, 913 F.2d 1172 (6th Cir. 1990). Further, the court's ability to correct clear error in a sentence does not mean, as Defendant seems to argue, that the court can reinterpret the sentencing guidelines. *See United States v. Durham*, 178 F.3d 796 (6th Cir. 1999).

### III.  CONCLUSION

Defendant's "Motion for Sentencing Review and Correction of Error in Sentencing" [Dkt #23] is DENIED.

    S/Robert H. Cleland  
    ROBERT H. CLELAND  
    UNITED STATES DISTRICT JUDGE

Dated:  December 28, 2006

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, December 28, 2006, by electronic and/or ordinary mail.

    S/Lisa Wagner  
    Case Manager and Deputy Clerk  
    (313) 234-5522