**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                                          Case No. 05-80434

YVONNE ROBINETT,

        Defendant.
_____/

**OPINION AND ORDER DENYING DEFENDANT'S "MOTION FOR RECONSIDERATION"**

On June 30, 2010, the court found that Defendant Yvonne Robinett violated the conditions of her supervised release, which the court accordingly revoked. For her violation, the court sentenced Defendant to 12 months imprisonment followed by 24 months of additional supervised release. On July 7, 2010, Defendant timely filed a motion for reconsideration. The court concludes that a hearing on the motion is unnecessary. *See* E.D. Mich. LR 7.1(h)(2). For the reasons stated below, the court will deny Defendant's motion.

**I. STANDARD**

A party moving for reconsideration must (1) "demonstrate a palpable defect by which the court and the parties and other persons entitled to be heard on the motion have been misled" and (2) "show that correcting the defect will result in a different disposition of the case." E.D. Mich. LR (h)(3). "A 'palpable defect' is 'a defect that is obvious, clear, unmistakable, manifest, or plain.'" *United States v. Lockett*, 328 F.

Supp.2d 682, 684 (E.D. Mich. 2004) (citing *United States v. Cican*, 156 F. Supp. 2d 661, 668 (E.D. Mich. 2001)).

## II. DISCUSSION

The court originally sentenced Defendant to four years in prison followed by two years of supervised release for one count of forgery under 18 U.S.C. § 505, a class D felony. *See* 18 U.S.C. § 3583(b). Defendant's total post-revocation sentence is three years: one year in prison plus two years of supervised release. Defendant argues that the court erred by issuing a post-revocation sentence that exceeded the original term of supervised release. (Def.'s Mot. ¶ 8.)

As an initial matter, the court must determine which incarnation of 18 U.S.C. § 3583 applies to this case. "The relevant date . . . is not the date of conviction or sentencing but the date the offense was committed." *United States v. VanHoose*, 437 F.3d 497, 500 n.3 (6th Cir. 2006). Here, Defendant committed the offense on or about February 11, 2004, after the 1994 and 2003 amendments to § 3583. Accordingly, the latest versions of § 3583(e) and § 3583(h) govern the postrevocation sentence in this case.

Applying the appropriate statutory language is a simple matter. Title 18 § 3583(e)(3) provides, in pertinent part, that a district court may, "where it finds by a preponderance of the evidence that the defendant violated a condition of supervised release,"

> revoke a term of supervised release, and require the defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release . . . except that a defendant whose term is revoked under this paragraph may not be required to serve on any such revocation more than . . . 2 years in prison if such

offense is a class C or D felony . . . .

§ 3583(h) further provides that:

> [w]hen a term of supervised release is revoked and the defendant is required to serve a term of imprisonment, the court may include a requirement that the defendant be placed on a term of supervised release after imprisonment. The length of such a term of supervised release shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment that was imposed upon revocation of supervised release.

Under these provisions, the length of Defendant's original term of supervised release is irrelevant to the total sentence the court may impose after revocation. Instead, the court may impose additional supervised released as authorized "for the offense that resulted in the original term . . . less any term of imprisonment that was imposed upon revocation . . . ." § 3583(h).

The court's postrevocation sentence is therefore consistent with § 3583(e)(3) and § 3583(h). First, the court found by a preponderance of the evidence that Defendant violated the conditions of her supervised release. (J. on Violation, July 7, 2010.) Pursuant to § 3583(e)(3), the court revoked Defendant's term of supervised release and required her to serve one year in prison, well bellow the statutory limit of two years. (*Id.*) Finally, pursuant to § 3583(h), the court included the requirement that Defendant be placed on a two-year term of supervised release after completing her one-year term of postrevocation imprisonment. This two-year term of supervised release did *not* exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, i.e., three years for a class D felony under §

3

3583(b), less any term of imprisonment that was imposed upon revocation of supervised release, i.e., one year.  On the contrary, Defendant's postrevocation term of supervised release is exactly at the two-year statutory maximum.

Defendant's reliance on *VanHoose* and *Johnson v. United States*, 529 U.S. 694 (2000), is misplaced.  First, even if those cases applied to this case, Defendant's argument would fail because the Sixth Circuit has held that, although § 3583(e)(3) does not authorize "a postrevocation sentence that endures longer than the original term of supervised release," § 3583(a) allows the district court to "impose an additional term of supervised release under its general sentencing authority."  *United States v. Marlow*, 278 F.3d 581, 588 (6th Cir. 2002); *see also United States v. Roach*, 303 F. App'x 332, 336 (6th Cir. 2008) ("*Marlow* constitutes the law of this Circuit . . . ."); *VanHoose*, 437 F.3d at 505-06 ("Even though it appears that *Marlow* was wrongly decided, it will continue to bind this and future panels unless and until the en banc court reconsiders the question or the Supreme Court corrects the error.").  Second, and more importantly, these cases are inapposite because in each case the defendant was convicted before the 1994 amendments, and therefore, the courts wrestled with the old language of § 3583 that Congress has since revised to clarify the very problems those cases presented.  Indeed, the Court noted in *Johnson* that "as it was written before the 1994 amendments, subsection (3) did not provide (*as it now does*) that the court could revoke the release term and require service of a prison term equal to the maximum authorized length of a term of supervised release."  529 U.S. at 705 (emphasis added).  *VanHoose* further explained that Congress added § 3583(h) in 1994 to "clarify the law regarding postrevocation supervised release," 437 F.3d at 502 n.6, and again amended § 3583(h)

4

to further clarify this issue in 2003, 437 F.3d at 500; *see also Marlow*, 278 F.3d at 588 ("[W]e note that our decision will have a limited impact, because § 3583(h) is effective in all cases where the initial offense occurred after the date of its enactment, September 13, 1994. That subsection gives specific guidelines to a district court regarding sentencing a defendant to additional supervised release after the initial term has been revoked."). The postrevocation sentence this court imposed is consistent with the new language of § 3583. Defendant's motion is denied.

### III.  CONCLUSION

IT IS ORDERED that Defendant's "Motion for Reconsideration" [Dkt #36] is DENIED.

    S/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated:  August 11, 2010

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, August 11, 2010, by electronic and/or ordinary mail.

    S/Lisa Wagner
Case Manager and Deputy Clerk
(313) 234-5522